# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
===============================================X     Index No.: 157200/2017
SUSAN VOLPE and RAYMOND VOLPE,

                              Plaintiffs,

            -against-

NEW ENGLAND MOTOR FREIGHT, INC., and
DANIEL OTTO,

                              Defendants.
===============================================X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

        PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

        The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

        Exemptions from mandatory e-filing are limited to: I) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: August 10, 2017

_____ (Signature)

John P. Beatty, Esq.  (Name)
Kramer, Dilloff, Livingston & Moore

                                                                    217 Broadway,
                                                                    New York, New York 10007
                                                                    (212) 267-4177
                                                                    jbeatty@kdlm.com (E-Mail)

TO:

**NEW ENGLAND MOTOR FREIGHT, INC.**                    **& Secretary of State**
1-71 North Avenue East
Elizabeth, NJ 07201

**DANIEL OTTO**
1-71 North Avenue East
Elizabeth, NJ 07201

**NEW ENGLAND MOTOR FREIGHT, INC.**
**C/O Todd C. Rubenstein, Esq.**
159 Eads Street
West Babylon, NY 11704

**DANIEL OTTO**
**C/O Todd C. Rubenstein, Esq.**
159 Eads Street
West Babylon, NY 11704

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

====================================================X          Index No.: 157200/2c

SUSAN VOLPE and RAYMOND VOLPE,

Plaintiffs designate
**NEW YORK**
**COUNTY**
as the place of trial

                                      Plaintiffs,

        - against -

**SUMMONS**

The basis of the venue
is Plaintiffs' residence

NEW ENGLAND MOTOR FREIGHT, INC., and
DANIEL OTTO,

Plaintiffs address is
530 East 86th Street
Apt. 9A
New York, NY 10028

                               Defendants.

====================================================X          **NEW YORK COUNTY**

To the above named defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and
to serve a copy of your answer or, if the verified complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiffs' Attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York): and in case of your
failure to appear or answer, judgment will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT,
NEW YORK COUNTY ON** _August 10, 2017_ **IN COMPLIANCE WITH CPLR
§§305(a) AND 306(a).**

Dated: New York, New York
       August 3, 2017

Yours, etc.,

**KRAMER, DILLOF, LIVINGSTON
& MOORE**

By:

                              JOHN P. BEATTY
                              Attorneys for Plaintiffs
                              SUSAN VOLPE and RAYMOND VOLPE
                              Office & P.O. Address
                              217 Broadway, 10th Fl.
                              New York, New York 10007
                              212-267-4177

## DEFENDANTS' ADDRESSES:

**NEW ENGLAND MOTOR FREIGHT, INC.**                              **& Secretary of State**
1-71 North Avenue East
Elizabeth, NJ 07201

**DANIEL OTTO**
1-71 North Avenue East
Elizabeth, NJ 07201

**NEW ENGLAND MOTOR FREIGHT, INC.**
**C/O Todd C. Rubenstein, Esq.**
159 Eads Street
West Babylon, NY 11704

**DANIEL OTTO**
**C/O Todd C. Rubenstein, Esq.**
159 Eads Street
West Babylon, NY 11704

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
==================================================X    INDEX NO.: 157 200/20

SUSAN VOLPE and RAYMOND VOLPE,

**VERIFIED COMPLAINT**

Plaintiffs,

- against -

NEW ENGLAND MOTOR FREIGHT, INC., and
DANIEL OTTO,

Defendants.
==================================================X

Plaintiffs, **SUSAN VOLPE** and **RAYMOND VOLPE**, complaining of the defendants by

their attorneys, KRAMER DILLOF LIVINGSTON & MOORE, ESQS., respectfully allege that:

### AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS NEW ENGLAND MOTOR FREIGHT, INC., and DANIEL OTTO

1.    At all times herein mention, plaintiffs, **SUSAN VOLPE** and **RAYMOND VOLPE**,

resided in New York County, in the City of New York and the State of New York.

2.    At all times herein mentioned, defendant, **NEW ENGLAND MOTOR FREIGHT,**

**INC.**, was and still is a foreign business corporation, duly organized and existing under and by

virtue of the laws of the State of New York, with a principal place of business located at 1-71

North East Avenue, Elizabeth, N.J.

3.    At all times herein mentioned, defendant, **NEW ENGLAND MOTOR FREIGHT,**

**INC.**, (hereinafter "**NEMF**") was and still is doing, conducting and/or transacting business

within the State of New York.

4.    At all times herein mentioned, defendant **NEMF** regularly and purposefully transacted,

and continues to transact, business within the State of New York and/or regularly and/or

purposefully contracted, and continues to contract, to transport and supply goods or services in

the State of New York and the claims herein are substantially related to its business and/or the goods and services provided in the State of New York.

5.      At all times herein mentioned, defendant **NEMF** derived, and continues to derive, substantial revenue and profits from the State of New York.

6.      At all times herein mentioned, defendant **NEMF** expected or should have reasonably expected its acts to have consequences in the State of New York.

7.      At all times herein mentioned, defendant, **DANIEL OTTO**, was an agent, servant and/or employee of defendant, **NEMF**.

8.      At all times herein mentioned, defendant, **DANIEL OTTO,** was acting in the course and scope of his employment with defendant, **NEMF**.

9.      That at all times herein mentioned, defendant, **NEMF,** owned, leased and/ or rented, maintained, operated, managed and controlled a 2005 PETERBILT truck bearing Vehicle Identification # 2NPNHD7X75M835198 and NEMF truck identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017.

10.     That at all times herein mentioned, defendant, **DANIEL OTTO,** owned, leased and/ or rented, maintained, operated, managed and controlled a 2005 PETERBILT truck bearing Vehicle Identification # 2NPNHD7X75M835198 and NEMF truck identifying # 8376 and New Jersey License Plate # AH639P for the year 2017.

11.     That on January 25, 2017 the aforesaid motor vehicle with a 2005 PETERBILT truck bearing NEMF truck identifying # 8376 and New Jersey License Plate # AH639P for the year 2017 was being operated by defendant, **DANIEL OTTO**, on behalf of and for the benefit of the defendant, **NEMF**.

12.     That on January 25, 2017, the intersection of 48th Street and 5th Avenue, in New York County, City of New York and State of New York, was and still is a public roadway used extensively by the citizens of the State of New York and others.

13.     That at all times mentioned, the aforesaid motor vehicle bearing 2005 PETERBILT truck bearing NEMF truck identifying # 8376 and New Jersey License Plate # AH639P for the year 2017 owned, leased and/or rented, maintained, managed, and controlled by defendant **DANIEL OTTO** and operated by the agents, servants and/or employees of defendant, **NEMF**, was operated, managed and controlled over and upon public highways, including driving eastbound on west 48th street onto southbound 5th Avenue, in New York County, City of New York and State of New York, with the knowledge, permission and consent of defendant, **NEMF**.

14.     That on the 25th day of January 2017, defendants, **NEMF** and **DANIEL OTTO**, were operating the aforesaid motor vehicle owned, leased and/or rented, maintained, managed, and controlled by defendant, **NEMF**, and operated by its agents, servants and/or employees, including but not limited **DANIEL OTTO**, for whom defendant **NEMF** is vicariously liable, over and along the public roadways located in the vicinity of the intersection of  48th Street and 5th Avenue in New York County, in the City and State of New York.

15.     Upon information and belief that on the 25th day of January 2017, defendant, **DANIEL OTTO**, was operating the aforesaid motor vehicle within the scope and course of his employment for, defendant, **NEMF**.

16.     That at all times herein mentioned, defendant, **DANIEL OTTO**, was operating the aforesaid motor vehicle with the consent of defendant, **NEMF**.

17.     That on the 25th day of January 2017 the aforesaid motor vehicle, operated by defendant, **DANIEL OTTO**, traveled eastbound on west 48th Street in a careless, negligent and reckless manner and proceeded to make a right turn from west 48th Street onto southbound 5th Avenue at an excessive rate of speed, and **DANIEL OTTO**, without paying attention to the roadway intersection or to the condition of vehicular or pedestrian traffic at that intersection, failed to stop or yield his vehicle, as was required by law.

18.     That the plaintiff, **SUSAN VOLPE**, was a pedestrian travelling east within the marked crosswalk of the 5th Avenue roadway, lawfully crossing east across 5th Avenue from the southwest corner of 5th Avenue and 48th Street to the southeast corner of 5th Avenue and 48th Street, in the County of New York, in the City and State of New York.

19.     That the plaintiff, **SUSAN VOLPE**, rightfully entered the intersection at or about 5th Avenue and east 48th Street, in the County of New York, in the City and State of New York, and was lawfully within the marked roadway crosswalk when she was struck by the **NEMF** motor vehicle with **NEMF** identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017 owned, leased, operated, managed, maintained and controlled by the defendants.

20.     That on the 25th day of January 2017, the aforesaid vehicle owned, operated, managed, maintained and controlled by the defendants did collide with and strike plaintiff, **SUSAN VOLPE**, within the marked crosswalk at the intersection of east 48th Street and 5th Avenue, in the County of New York, in the City and State of New York, causing the plaintiff, **SUSAN VOLPE**, to be knocked to the ground and injured, all without any negligence or carelessness on the part of the plaintiff herein.

21.     That on the 25th day of January 2017, the aforesaid defendant, **DANIEL OTTO**,

knowing or having cause to know that personal injury had been caused to plaintiff, **SUSAN**

**VOLPE**, by his careless, negligent and reckless operation of the **NEMF** motor vehicle with

**NEMF** identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017,

failed, before leaving the place where the plaintiff was struck and seriously injured by that

vehicle, to stop and exhibit his driver's license, exhibit his insurance identification card, give his

name and residence, and report the incident to a police officer as was required by law.

22.     That by reason of the foregoing, plaintiff **SUSAN VOLPE** was severely injured and

damaged, rendered sick, sore, lame and disabled, and sustained severe shock and mental anguish,

great physical pain and emotional upset, injuries for which the plaintiff received medical

treatment, and for which plaintiffs incurred hospital and/or medical expenses and which injuries

are of a severe and permanent nature.

23.     That by reason of the foregoing, plaintiff **SUSAN VOLPE** suffered a serious injury as

defined by New York Insurance Law § 5102(d).

24.     Pursuant to New York Vehicle and Traffic Law Article 11, Section 388, the

defendants, **NEMF** and **DANIEL OTTO**, are jointly and severally liable and responsible for all

of plaintiffs' damages, including but not limited to the plaintiff's non-economic loss, by reason

of the defendants' negligence, carelessness and recklessness in the use, ownership or operation

of a **NEMF** motor vehicle with **NEMF** identifying marker # 8376 and New Jersey License Plate

# AH639P for the year 2017.

25.     That this action falls within one or more of the exceptions set forth in CPLR 1602,

including but not limited to CPLR 1602(6) and CPLR 1602(7), as well as the savings provisions

of CPLR 1602(2), including but not limited to CPLR 1602(2)(iv).

26.     That the defendants, **NEMF**, its agents, servants and employees, including defendant **DANIEL OTTO**, were negligent, careless, and reckless in the ownership, leasing and/or renting, operation, management, maintenance and control of their motor vehicle; in operating said 2005 truck or motor vehicle bearing New Jersey License Plate # AH639P for the year 2017 with reckless disregard for the safety and welfare of others; in failing to properly warn of their approach; in failing to timely and properly react to the traffic conditions then and there existing; in failing to yield to pedestrian traffic having the right-of-way at the location; in failing to see what was there to be seen with the proper use of the operator's senses; in failing to properly utilize horns or other audible sound warning devices; in operating said motor vehicle at a fast and excessive rate of speed; in leaving the proper lane of travel; in **NEMF** negligently training and instructing the driver of their motor vehicle, **DANIEL OTTO**; in **NEMF** negligently hiring, training and instructing **DANIEL OTTO** as to the proper practices and procedures in the operation of their motor vehicle; in having negligent and improper hiring practices; in **NEMF** failing to properly investigate **DANIEL OTTO**'s ability to safely operate the vehicle; in **DANIEL OTTO** traveling at a fast, excessive and dangerous rate of speed in view of the surrounding circumstances and conditions then and there existing and without keeping a proper lookout for the safety of others, including the plaintiff **SUSAN VOLPE**; in **NEMF** and **DANIEL OTTO** acting with conscious and reckless disregard for the safety of others; in failing to keep a safe distance between the truck bearing NEMF identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017and the lawfully crossing pedestrian plaintiff; in defendant **DANIEL OTTO**'s 2005 PETERBILT truck or motor vehicle bearing **NEMF** identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017 turning right at an excessive rate of speed; in defendant **DANIEL OTTO**'s truck bearing **NEMF**

identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017 failing to keep and maintain a reasonable and prudent distance from the lawfully crossing pedestrians; in causing said defendant's **DANIEL OTTO**'s truck  with **NEMF** identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017 truck to collide with and strike plaintiff **SUSAN VOLPE**; in leaving the scene of the collision in which the Plaintiff, **SUSAN VOLPE**, was seriously injured; in operating their motor vehicle without ascertaining whether such movement could be made safely; in operating defendants **NEMF**'s and **DANIEL OTTO's** truck bearing **NEMF** identifying marker # 8376 and New Jersey License Plate # AH639P for the year 2017 in such a manner so as to violate the rules of the road and of the statutes and ordinances in such cases made and provided, including but not limited to New York State Vehicle and Traffic Law §388, §600(2)(a), §1101, §1110, §1128, §1129, §1146(a), §1151(a), §1163, §1180(a) and §1212, and The Rules of The City of New York, including but not limited to  34 RCNY 4-03(a)(1)(i), 34 RCNY 4-04(b)(1) and 4-04(d), and in causing the plaintiff, **SUSAN VOLPE**, to suffer severe conscious pain and suffering and emotional distress and other permanent injuries, complications and sequelae.

27.     That the foregoing accident and the resulting injuries to plaintiff **SUSAN VOLPE** were caused by reason of the carelessness, negligence and recklessness of the defendants, **NEMF** and **DANIEL OTTO**, in the ownership, management, maintenance, control and operation of their motor vehicle and the wanton and willful disregard of the safety of others by the aforesaid defendants and without any negligence on the part of the plaintiff contributing thereto.

28.     That solely as a result of the foregoing, plaintiff **SUSAN VOLPE** sustained damages in an amount exceeding the jurisdictional limits of all other courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LOSS OF SERVICES

29.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 28. inclusive., with the same force and effect as if hereinafter set forth at length.

30.     At all times herein mentioned, plaintiff **SUSAN VOLPE** and plaintiff **RAYMOND VOLPE** were lawfully wed.

31.     By reason of the foregoing, plaintiff **RAYMOND VOLPE** has been deprived of the affection, services, society, love, and companionship of his wife, **SUSAN VOLPE**, and has been caused to become obliged to expend sums of money for medical and hospital care on her behalf.

32.     That by reason of the foregoing, plaintiff **RAYMOND VOLPE** is entitled to compensatory damages from the defendants in a sum which exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs **SUSAN VOLPE** and **RAYMOND VOLPE** demand judgment against the defendants in such sums as a jury would find fair, adequate and just.


Dated: New York, New York
      August 3, 2017

                Yours etc.,

                KRAMER, DILLOF, LIVINGSTON & MOORE

By:    _____
                JOHN P. BEATTY
                Attorneys for Plaintiffs
                SUSAN VOLPE and RAYMOND VOLPE
                Office & P.O. Address
                217 Broadway, 10th Floor
                New York, New York 10007
                (212) 267-4177

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
==================================================X

SUSAN VOLPE and RAYMOND VOLPE,

INDEX NO.: 157200/2017

Plaintiffs,

VERIFICATION

- against -

NEW ENGLAND MOTOR FREIGHT, INC., and DANIEL OTTO,

Defendants.
==================================================X

STATE OF NEW YORK      )
                                              ss.:
COUNTY OF NEW YORK   )

SUSAN VOLPE, being duly sworn, deposes and says:

I am the plaintiff in the within action; I have read the foregoing Complaint and know the
contents thereof; the same is true to my own knowledge, except as to the matters therein stated to
be alleged upon information and belief, and as to those matters I believe it to be true.
Dated: New York, New York
         August 8 , 2017

_____
SUSAN VOLPE

Sworn to before me this
8 day of August, 2017

_____
NOTARY

JOHN P. BEATTY
Notary Public, State of New York
No. 02BE6174277
Qualified in New York County
Commission Expires November 30, 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
===============================================X

SUSAN VOLPE and RAYMOND VOLPE,

INDEX NO.: 157200/2017

                    Plaintiffs,

                                    VERIFICATION

        - against -

NEW ENGLAND MOTOR FREIGHT, INC., and DANIEL OTTO,

                    Defendants.
===============================================X

STATE OF NEW YORK    )
                                ss.:
COUNTY OF NEW YORK   )

RAYMOND VOLPE, being duly sworn, deposes and says:

I am the plaintiff in the within action; I have read the foregoing Complaint and know the
contents thereof; the same is true to my own knowledge, except as to the matters therein stated to
be alleged upon information and belief, and as to those matters I believe it to be true.
Dated: New York, New York
August 8 , 2017



_____
            RAYMOND VOLPE


Sworn to before me this
_8_ day of AUGUST, 2017



            JOHN P. BEATTY
    Notary Public, State of New York
            No. 02BE6174277
        Qualified in New York County
    Commission Expires November 30, 2019